JS-6

1  EILEEN M. DECKER
   United States Attorney
2  LAWRENCE S. MIDDLETON
3  Assistant United States Attorney
   Chief, Criminal Division
4  STEVEN R. WELK
   Assistant United States Attorney
5  Chief, Asset Forfeiture Section
6  KATHARINE SCHONBACHLER
   Assistant United States Attorney
7  Asset Forfeiture Section
8  California Bar No. 222875
        Federal Courthouse, 14th Floor
9       312 North Spring Street
        Los Angeles, California 90012
10      Telephone:  (213) 894-3172
11      Facsimile:  (213) 894-7177
        E-mail:      Katie.Schonbachler@usdoj.gov
12
13 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
14
                     UNITED STATES DISTRICT COURT
15
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
16

| 17 UNITED STATES OF AMERICA, | No. CV 15-08856-CAS (JEMx) |
|---|---|
| 18      Plaintiff, | |
| 19           v. | [PROPOSED] |
| 20 CAI REAL PROPERTY LOCATED | CONSENT JUDGMENT OF FORFEITURE |
| 21 IN RANCHO CUCAMONGA, CALIFORNIA, | |
| 22 | |
| 23      Defendant. | |
| 24 XIAO PING CAI, | |
| 25      Claimant. | |
| 26 | |

27
28 ///

1    This matter was commenced on November 13, 2015 against the defendant Cai

2    Real Property Located in Rancho Cucamonga, California (the "defendant property").

3    The Assessor's Parcel Number for the defendant property is 1100-163-77-0-000.

4    The legal description of the defendant property is:

5    All that certain real property situated in the County of San Bernardino, State of

6    California, described as follows:

7    Parcel No. 1:

8    Unit 98 (the "Unit") as shown and described in the amended and restated Phase 6

9    Condominium Plan (together with any amendments thereto, collectively, the

10   "Plan"), for that portion of Lot 6 of Tract No. 16882, as shown on the Subdivision

11   Map ("Map") filed on April 7, 2007, in Book 327, at pages 56 to 59, inclusive, of

12   Tract Maps, in the Office of the San Bernardino County Recorder which Plan was

13   recorded on January 8, 2010, as Instrument No. 10-8983, in Official Records of

14   San Bernardino, California ("Official Records").

15   Except therefrom all oil, gas, minerals and other hydrocarbon substances lying

16   below a depth of 500 feet from the surface of said property, but with no rights of

17   surface entry, as provided in deeds of record.

18   Also except the subsurface water rights, but without the right of entry to the

19   surface or the subsurface above a depth of 500 feet as dedicated on the Map of

20   said Tract.

21   Parcel No. 2:

22   An undivided one-twelfth (1/12th) fee simple interest as a tenant in common in

23   and to the common area described in the Plan.

24   Parcel No. 3:

25   Exclusive easements for the benefit of the unit appurtenant to Parcel Nos. 1 and 2

26   described above, for yard, balcony, air conditioning compressor pad and internal

27   and external telephone wiring purposes, as applicable, over those portions of the

28   association property shown in the Plan or as described in the Declaration and the

2

1    Notice.

2    <u>Parcel No. 4:</u>

3    Nonexclusive easements for access, drainage, encroachment, maintenance, repair,

4    and for other purposes, all as may be shown on the Plan and the Map, and as

5    described in the Declaration and the Notice.

6    Claimant Xiao Ping Cai ("Cai") filed a claim on February 3, 2016, and an answer

7    on March 7, 2016.  No other parties have filed claims in this case and the time for filing

8    claims of interest and answers has expired.

9    On or about July 3, 2014, a Deed of Trust in the amount of $200,000.00 was

10   recorded as Instrument No. 2014-0240974 against the Cai Property, identifying Pacific

11   Coast Title Company as Trustee and Dennis Wu, Kenny Lau and Lijia Wu as tenants in

12   common (Beneficiary).[1]

13   On December 14, 2015,  Plaintiff and Pacific Coast Title Company, Dennis Wu,

14   Kenny Lau and Lijia Sun (collectively referred to as the "Lender"), through their

15   respective undersigned counsel and authorized representative entered into a Stipulation

16   Recognizing Lien of Lender (Docket 13).

17   Plaintiff United States of America, Cai and Lender have reached an agreement

18   that is dispositive of the action.  Each of the signatories to this Consent Judgment of

19   Forfeiture ("Consent Judgment") represents that he or she has the full power and

20   authority (without further approvals or consents) to enter into this Consent Judgment and

21   perform the obligations set forth herein. This Consent Judgment may be signed in

22   counterparts and shall be deemed to have been equally drafted by the parties hereto.

23   Cai and Lender waive all appeal rights with respect to this matter.  If Cai or

24   Lender submitted petitions for remission to the defendant property in any proceedings,

25   they hereby stipulate to withdraw the petitions, and waive any rights they may have to

26   seek remission or mitigation of the forfeiture described herein.

27   [1] Upon information from Lijia Sun's counsel, Lijia Sun is the correct name of the
beneficiary that was erroneously referred to as Lijia Wu in the deed of trust.

28

3

1   The parties hereby request that the Court enter this Consent Judgment of

2   Forfeiture.

3   WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

4   1.      This Court has jurisdiction over the parties and the subject matter of this

5   action.

6   2.      Notice of this action has been given in accordance with law.  All potential

7   claimants to the defendant property, other than Cai, are deemed to have admitted the

8   allegations of the Complaint.  The allegations set out in the Complaint are sufficient to

9   establish a basis for forfeiture.

10   3.      The United States of America shall have judgment as to the defendant

11   property, and no other person or entity shall have any right, title or interest therein.  The

12   Internal Revenue Service is ordered to dispose of said property in accordance with law.

13   4.      Upon entry of this Judgment of Forfeiture and sale of the defendant property,

14   the funds generated by the sale shall be distributed in the following order of priority:

15   a.      First, to the Internal Revenue Service for its costs and expenses of the

16   sale;

17   b.      Second, to the extent sufficient sale funds are available, to pay any real

18   property taxes assessed against the defendant property to the date of entry of the Judgment

19   of Forfeiture;

20   c.      Third,  to the extent sufficient sale funds are available, the balance

21   due on the $200,000.00 lien, including principal, interest, and late charges due on that

22   amount to lienholders;

23   d.      Fourth, to the extent sufficient sale funds are available, reasonable

24   costs and attorney's fees up to $5,000 incurred by lienholder in having to defend its

25   security interests in the defendant property;

26   e.      Fifth, to the extent sufficient sale funds are available, $72,000 to

27   Plaintiff pursuant to the terms of this Judgment of Forfeiture; and

28   f.      Sixth, any remaining funds to be paid to claimant Cai.

4

1      5.      The parties shall execute further documents, to the extent necessary, to

2   convey clear title to the defendant property to Plaintiff and to further implement the

3   terms of this Judgment of Forfeiture.

4      6.      The Court will retain jurisdiction to resolve any issues with respect to the

5   parties' performance under this Judgment of Forfeiture.

6      7.       Other than as set forth in paragraph 4(d) of this Judgment of Forfeiture, each

7   party shall bear its own attorney fees and costs.  This Judgment of Forfeiture is binding

8   upon Cai and Lender and their successors and assigns.

9      8.      Cai and Lender have released and agreed to hold harmless the United States,

10   its agencies, agents, officers, employees and representatives, including, without limitation,

11   all agents, officers, employees and representatives of the Internal Revenue Service, as well

12   as all agents, officers, employees and representatives of any state or local government or

13   law enforcement agency involved in the investigation of this matter, from any and all

14   claims, including claims for interest, actions or causes of action, damages, expenses, and

15   costs, known and unknown, which may hereafter be asserted or brought by or on behalf of

16   Cai or Lender, arising out of the seizure and/or forfeiture of the defendant property and the

17   institution of this matter.

18   ///

19

20

21

22

23

24

25

26

27

28

9.     The Court finds that there was reasonable cause for the institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

IT IS SO ORDERED.

_Christine a. Snyde_

June 17, 2016
DATE                                                           HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

**Approved as to Form and Content:**

DATED: June 16, 2016                          EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


    /s/ Katharine Schonbachler
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America


DATED: June 16, 2016                          SHERMAN AND SHERMAN PLC


    /s/ Victor Sherman
VICTOR SHERMAN, ESQ.

Attorneys for Claimant
XIAO PING CAI

DATED: June 13, 2016                          /s/ Xiao Ping Cai
XIAO PING CAI
Claimant

*SIGNATURE OF PARTIES CONTINUE ON NEXT PAGE*

6

1 **Approved as to Form and Content:**

2

3 DATED: June 13, 2016        DUANE MORRIS, LLP

4

                                           /s/ Cyndie M. Chang

5                                  CYNDIE M. CHANG, ESQ.
                                 BARBARA HOWE MURRAY, ESQ.

6

7                                  Attorneys for DENNIS WU,
                                 KENNY LAU and LIJIA SUN

8

9

10 DATED: June 13, 2016        PACIFIC COAST TITLE COMPANY

11

12                                       /s/ Chris Bolger
                                 CHRIS BOLGER

13

14                                  Executive Vice President and
                                 Authorized Representative of

15                                  PACIFIC COAST TITLE COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28